ERNEST HOLDING *vs.* CECIL S. HOLDING.

FEBRUARY 11, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit which was tried in the superior court to a jury and resulted in a verdict for the plaintiff. The defendant duly filed a motion for a new trial which was denied by the trial justice. The case is here solely on the defendant's exception to such denial.

The plaintiff is the defendant's uncle. On May 2, 1944 he gave defendant a check for $1,500, which he claims was a loan to defendant. The latter admits that he received the check from plaintiff but he claims it was an "outright" gift. The parties were the only witnesses at the trial. Obviously the only controversy between them which the jury had to resolve was whether plaintiff had advanced the money as a loan or had made an outright gift to defendant. The testimony on this issue was sharply conflicting. Apparently the jury resolved it in favor of plaintiff and the trial justice approved their action.

The defendant contends that the verdict was against the law and the evidence and that the trial justice was clearly wrong in approving it. The plaintiff testified that he loaned defendant the money to enable him to purchase certain real estate in Tiverton. The defendant testified that, in accordance with an agreement between him and plaintiff, he received the check after he had signed off to his stepmother his interest in his deceased father's estate.

It is clear from the trial justice's rescript denying the motion for a new trial that he exercised his independent judgment in passing upon such motion. He expressed the view that the evidence was such that reasonable men might come to different conclusions; that in his opinion the verdict responded to the merits of the controversy and did substantial justice between the parties; and that had he been the trier of the facts it was not unlikely that he would have reached the same conclusion as the jury. This is positive

approval of the verdict and from our examination of the transcript we cannot say it is clearly wrong.

However, defendant claims that the verdict is contrary to law. In advancing such claim he states in his brief: "He [plaintiff] had no receipt that the Defendant owed him any money, nothing but his word and the check to support his testimony. Defendant contends that if there is a presumption, the presumption is that a check is usually given in payment of a debt and that if the verdict of the Jury was in anywise based upon the check as evidence in support of Plaintiff's contention of a loan, that the verdict of the jury was not founded on law and should be set aside." Whatever merit such contention may have as a sound proposition of law it can avail defendant nothing under his motion for a new trial unless such law was given to the jury in the trial justice's charge. We find no instruction to that effect in the transcript.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Matthew J. Faerber, Thomas H. Levesque,* for plaintiff.

*John C. Burke,* for defendant.